UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Franklin Jr., | Case No. 23-cv-2379 (NEB/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| William Bolin, | |
| Defendant. | |

## INTRODUCTION

Petitioner Mark Franklin Jr. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state convictions for third-degree murder, criminal vehicular homicide, and criminal vehicular operation. Franklin raises six grounds in support of his right to habeas relief. Five of these grounds are procedurally defaulted and the remaining ground fails on its merits. Therefore, as discussed below, the Court recommends Franklin's petition be denied.

## FINDINGS OF FACT[1]

On October 17, 2019, Franklin smoked PCP, drove his car the wrong way down a one-way street, and crashed into an oncoming van, killing a woman and her unborn child and seriously injuring two other individuals. *See State v. Franklin*, No. A21-0156, 2022 WL 1532649, at *1 (Minn. Ct. App. May 16, 2022), *review denied* (Aug. 23, 2022).

---

[1] The Court's findings of fact cite to state trial and appellate court opinions at issue in Franklin's petition. When reviewing a habeas petition by a prisoner in state custody, the Court assumes the State courts' factual determinations to be correct, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000).

When emergency medical services arrived on the scene, Franklin told a paramedic he had been driving under the influence of PCP when the accident occurred. *Id.* Franklin was transported to the hospital with injuries to his face, head, and back. *State v. Franklin*, No. 27-cr-19-25910, 2020 WL 13480976, at *1 (Minn. Dist. Ct. June 24, 2020). At the hospital, Franklin spoke with investigators after being read his *Miranda* rights and again admitted he had been driving under the influence of PCP. *Franklin*, 2022 WL 1532649, at *2. The State charged Franklin with two counts of third-degree murder, two counts of criminal vehicular homicide, and two counts of criminal vehicular operation. *State v. Franklin, Jr.*, No. 27-CR-19-25910, 2020 WL 13597674, at *1-3 (Minn. Dist. Ct. Nov. 9, 2020). A jury found him guilty on all counts, and he was sentenced to 360 months in prison. *Id.*

Franklin appealed to the Minnesota Court of Appeals, arguing the district court erred by finding his *Miranda* waiver voluntary and not conducting a "searching inquiry" into a request he made for substitute representation. Dkt. No. 8 at 707. In a *pro se* supplemental brief, Franklin also claimed the State used false evidence at trial and withheld exculpatory evidence, and that the evidence was insufficient to support the verdict. *Id.* at 735-754. The Minnesota Court of Appeals rejected each argument. *Franklin*, 2022 WL 1532649, at *1-2. Franklin then sought review in the Minnesota Supreme Court, raising only the *Miranda* waiver and substitute representation issues. Dkt. No. 8 at 882. The Minnesota Supreme Court denied further review on August 23, 2022. *Id.* at 843.

Franklin now brings this habeas petition, alleging six grounds for relief: (1) the State withheld material evidence favorable to his defense; (2) the trial court erred by not suppressing his post-*Miranda* statements to the police; (3) the State's verdict was against

2

the great weight of the evidence; (4) he was denied effective assistance of counsel at trial; (5) the State used improper methods during closing argument; and (6) the State used false evidence at trial. Dkt. No. 1.

## CONCLUSIONS OF LAW

**I.      Legal Standard**

**A.      Federal Court Review of State Prisoner Habeas Petitions**

A federal court's review of a habeas corpus petition filed by a state prisoner is governed by 28 U.S.C. § 2254. Federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner's application for a writ of habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to federal law if the state court reaches an opposite conclusion to the Supreme Court on a question of law or its application of a rule contradicts or is incompatible with Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The state court decision may constitute an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts." *Id.* at

413. As to the "unreasonable determination of the facts" under § 2254(a)(2), a court presumes the state court's fact findings are correct, a presumption that "can be rebutted only by clear and convincing evidence." *Lupien v. Clarke*, 403 F.3d 615, 618 (8th Cir. 2005).

### B. Exhaustion and Procedural Default

Generally, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted). "[T]he prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Latimer v. Smith*, 351 F. Supp. 3d 1218, 1223 (D. Minn. 2018) (quoting *Baldwin*, 541 U.S. at 29). "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999)). "If the petitioner has failed to exhaust his State Court remedies, and if the Court to which he should have presented his claim would now find it procedurally barred, the claim is procedurally defaulted." *Hamilton v. Roehrich*, 628 F. Supp. 2d 1033, 1046 (D. Minn. 2009) (citing *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995)). Under Minnesota law, "[o]nce a defendant has had a direct appeal, 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief,'" unless the claim is novel or the interests of fairness and justice warrant relief. *Zenanko v. State*, 587 N.W.2d 642, 644-45 (Minn.1998) (quoting *State v. Knaffla*,

4

243 N.W.2d 737, 741 (Minn. 1976)); *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013) (finding a claim must have "substantive merit and must be asserted without deliberate or inexcusable delay" to meet the fairness and justice standard).

If a claim is procedurally defaulted, a federal court can review it only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 491 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). In order to assert a fundamental miscarriage of justice, a petitioner must "'present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). If a petitioner cannot satisfy one of these exceptions to procedural default, a federal court cannot consider the defaulted claims.

## II. Procedurally Defaulted Claims (Grounds One, Three, Four, Five, and Six)

Five of Franklin's grounds for relief are procedurally defaulted and therefore not reviewable by this Court: (1) the State withheld material evidence favorable to his defense (Ground One); (2) the State's verdict was against the great weight of the evidence (Ground Three); (3) ineffective assistance of trial counsel (Ground Four); (4) the State used improper methods during closing argument (Ground Five); and (5) the State used

5

false evidence at trial (Ground Six). *See generally* Dkt. No. 1 at 5-12. Franklin did not raise any of these claims in his petition for review to the Minnesota Supreme Court, which was limited to two questions:

1. Did the District Court commit reversible error by denying Petitioner's request to suppress his statement to law enforcement where his *Miranda* waiver was not voluntary?

2. Did the district court err by denying Petitioner's request for new public defenders without first conducting a searching inquiry into Petitioner's serious concern that his public defenders provided him with inadequate assistance at the suppression-motion hearing?[2]

Dkt. No. 8 at 828. Franklin raised Grounds One, Three, and Six of his habeas petition in his *pro se* supplemental brief to the Minnesota Court of Appeals, but "fair presentation" requires him to have sought review of these claims in the Minnesota Supreme Court. *See Baldwin*, 541 U.S. at 30-32 (finding "fair presentation" unsatisfied if the state supreme court would have to read the lower court's opinion to discover the prisoner's constitutional claims). Franklin did not present Grounds Four and Five to either the Minnesota Court of Appeals or the Minnesota Supreme Court. These five claims were known (or could have been known) but were not raised in "each appropriate state court." *Latimer*, 351 F. Supp. 3d at 1223; *see Zenanko*, 587 N.W.2d at 644-45. Moreover, Franklin's allegations in the habeas petition do not suggest the presence of new evidence[3] or other excusable

---

[2] Franklin appears to conflate this claim with Ground Four of his habeas petition for ineffective assistance of trial counsel. However, these claims are not the same; one alleges an error by the district judge and the other questions the adequacy of representation at trial. "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Cox*, 398 F.3d at 1031 (quoting *Barrett*, 169 F.3d at 161-62).

[3] Franklin alleges he could introduce "new evidence" that the accident was actually a "high speed chase" by the Minneapolis Police Department. *See* Dkt. No. 10 at 10. However, this evidence is not new; Franklin acknowledges he learned about it "while awaiting trial," and discussed it during his trial testimony. Dkt. Nos. 1 at 9, 8 at 612.

circumstances that would allow a state post-conviction court to overcome the procedural bar in the interest of justice. *See Andersen*, 830 N.W.2d at 8 (citing *Knaffla*, 243 N.W.2d at 741). Therefore, these claims are procedurally defaulted.

Nor has Franklin satisfied any of the federal court exceptions to procedural default. Franklin attributes his procedural default for Grounds One, Three and Six—withholding material evidence favorable to the defense, verdict against the great weight of the evidence, and use of false evidence at trial—to his appellate counsel's failure to include in his Petition For Review to the Minnesota Supreme Court the issues Franklin raised in his *pro se* supplemental brief to the Court of Appeals. Dkt. No. 10 at 2-3. However, "attorney error committed in the course of state postconviction proceedings—for which the Constitution does not guarantee the right to counsel—cannot supply cause to excuse a procedural default that occurs in those proceedings."[4] *Davila v. Davis*, 582 U.S. 521, 536-38 (2017) (citing cases). Moreover, Franklin has not shown actual prejudice regarding these grounds because he has not demonstrated errors that "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. The Minnesota Court of Appeals concluded these claims were not "sufficiently supported by argument or authority" and "would fail even if [the court] did reach the merits." *Franklin*, 2022 WL 1532649, at *7. Grounds One, Three, and Six are procedurally defaulted.

---

[4] Ineffective assistance of appellate counsel may only serve as cause to excuse procedural default when the appellate lawyer fails to raise an ineffective assistance of trial counsel claim in state postconviction proceedings. *See Davila*, 582 U.S. at 536-38 (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). Franklin does not allege that his appellate counsel failed to raise such a claim in state postconviction proceedings and therefore has not shown cause excusing his procedural default for Grounds One, Three, and Six.

Franklin did not present Ground Four, ineffective assistance of trial counsel, to either the Minnesota Court of Appeals or the Minnesota Supreme Court and has presented no cause for his failure to do so. Moreover, Franklin has not shown that counsel's alleged errors created actual prejudice. To show actual prejudice from ineffective assistance of trial counsel, Franklin must show "a reasonable probability that, [b]ut for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010). Franklin fails to do so.

First, Franklin argues counsel failed to correspond with him. Dkt. No. 1 at 9. However, he includes no facts or evidence to support such misconduct.[5] *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (declining to address counsel's alleged misconduct when petitioner failed to provide evidence of prejudice). Second, Franklin argues counsel denied his right to a speedy trial. Dkt. No. 1 at 10. But even if true, there is no reasonable probability that an earlier trial date would have caused a different result at trial. Third, Franklin argues his counsel improperly encouraged him to plead guilty. *Id.* However, Franklin did not plead guilty; therefore, this advice did not impact the outcome at trial. Fourth, Franklin argues counsel failed to introduce relevant evidence of drugs and pain medication at the suppression hearing. *Id.* This failure is reflected in the record. Dkt. No. 1-1 at 68. However, such evidence would not reasonably have caused a different result at trial because the judge at the suppression hearing considered drugs and medication in her analysis, even without specific evidence, and the critical admission

---

[5] Franklin attached a transcript in which he alleged his jail was restricting his access to counsel but included no evidence of counsel's failure to communicate. *See* Dkt. No. 1-1 at 48-49.

Franklin sought to suppress, that he was driving when the accident occurred, was otherwise introduced through Franklin's statement to the paramedic. *See* Dkt. No. 8 at 153-57, 492. Fifth and finally, Franklin argues his counsel failed to adequately pursue his theory that the accident actually resulted from a high-speed chase with the Minneapolis Police Department. Dkt. Nos. 1 at 10, 1-1 at 59-60. Indeed, this was not counsel's theory of the case; however, there is no reasonable probability the trial would have resulted differently if it had been. For one, this theory conflicts with Franklin's recorded statements to paramedics and investigators immediately following the accident in which he admitted to driving recreationally after smoking PCP. Franklin also presented this theory to the jury in his trial testimony and allowed them to evaluate it. Dkt. No. 8 at 612. Counsel's alleged failure in this regard does not amount to ineffective assistance. Franklin has not presented cause to excuse his failure to present Ground Four at the state level, and even if he had, counsel's alleged failings did not create actual prejudice. Ground Four is procedurally defaulted.

Finally, Franklin argues his unfamiliarity with the law caused his failure to present Ground Five, improper closing argument, to the appropriate state courts. Dkt. No. 1 at 2. However, well-settled Eighth Circuit precedent concludes that such unfamiliarity does not establish cause excusing a petitioner's procedural default. *See, e.g.*, *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (finding petitioner's *pro se* status, limited education, and procedural ignorance did not constitute sufficient cause to excuse procedural default). Further, the closing argument did not cause actual prejudice. First, Franklin argues the prosecutor improperly influenced the jury by saying, "What lawyers say isn't evidence . . . So I suggest that you should disregard [the public defender's statements]."

9

Dkt. No. 1-1 at 63. However, this statement conveys a valid evidentiary rule that "[s]tatements, arguments, questions and comments by lawyers . . . are not evidence." *See United States v. Hopkins*, 97 F.4th 1127, 1132 (8th Cir. 2024). Second, Franklin claims the prosecutor manipulated the jury by stating, "Members of the jury, there is no reasonable doubt in this case. Please find the defendant guilty." Dkt. No. 1-1 at 63. On the contrary, a prosecutor may validly argue a "personal interpretation" and "reasonable inferences" drawn from the evidence. *United States v. Eagle*, 515 F.3d 794, 805 (8th Cir. 2008). Third, Franklin alleges the prosecutor improperly suggested a victim had "weak bones," unsupported by the evidence, when he stated, "It doesn't matter if Ms. Robinson had weak bones, if she was more likely to suffer an ankle fracture than someone else." Dkt. No. 1-1 at 65. In fact, however, this statement more likely references the eggshell plaintiff doctrine, which considers a wrongdoer liable for all proximate results of his actions, whether or not a victim has a preexisting condition such as weak bones. *See Rowe v. Munye*, 702 N.W.2d 729, 741 (Minn. 2005). Either way, these statements did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quotations and citation omitted). Ground Five is procedurally defaulted.

Nor has Franklin presented asserted a fundamental miscarriage of justice by introducing new evidence "showing a constitutional error that resulted in [his] conviction for a crime of which he is actually innocent." *Id.* at *14. Therefore, Grounds One, Three, Four, Five, and Six of Franklin's habeas petition are procedurally defaulted and not reviewable by this Court.

### III. Cognizable Claim: *Miranda* Waiver (Ground Two)

Franklin's sole remaining claim—that waiver of his *Miranda* rights was involuntary and the district court erred by not suppressing his post-*Miranda* statements—has satisfied all procedural requirements and raises an issue this Court may appropriately consider on its merits. However, the merits do not warrant issuance of a writ of habeas corpus.

Police must notify defendants of their Fifth Amendment rights whenever subjecting them to custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436 (1966). Interrogation under *Miranda* includes "express questioning" as well as "words or conduct that officers should know are reasonably likely to elicit an incriminating response from the suspect." *United States v. Jones*, 842 F.3d 1077, 1082 (8th Cir. 2016) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)). Waiver of these rights must be knowing, intelligent, and voluntary. *United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011) (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). To be knowing and intelligent, waiver must be made with an understanding of the rights being waived and the consequences of that waiver. *Moran*, 475 U.S. at 421. To be voluntary, waiver must not be the product of "intimidation, coercion or deception." *Id.* Courts consider the totality of the circumstances when assessing the validity of waiver. *Id.*

Franklin argues his waiver of *Miranda* was involuntary because he was recovering from a head injury, unfamiliar with the legal system, under the influence of drugs, narcotics, and mental health medications, and under duress. Dkt. No. 1 at 6. Franklin claims the state courts disregarded these factors when considering the totality of the circumstances, which resulted in a decision that was contrary to or an unreasonable application of federal law as set forth by the Supreme Court. Dkt. No. 10 at 4-7.

11

To begin, the Minnesota Court of Appeals[6] applied precedent consistent with clearly established federal law as determined by the Supreme Court when evaluating Franklin's *Miranda* waiver. *See Franklin*, 2022 WL 1532649, at *3-5. In applying this precedent, the Court of Appeals concluded that Franklin's waiver was knowing, intelligent, and voluntary after weighing the totality of the circumstances, expressly considering his intelligence, experience with the justice system, injuries, mental health issues, intoxication, and any coercive techniques used by the investigators during the interrogation. *Id.* The Court of Appeals determined that the State's evidence showed by a preponderance of the evidence that Franklin voluntarily waived his *Miranda* rights. This analysis comports with clearly established Supreme Court precedent and was not contrary to or the result of an unreasonable application of clearly established federal law. *See Moran*, 475 U.S. at 421.

Moreover, Franklin has not presented evidence that the state court decision was based on an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d). A state court decision involves "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if a petitioner demonstrates that the state court's factual findings are unsupported in the record. *Evenstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). Franklin does not challenge the state court's factual findings. Accordingly, the Minnesota Supreme Court's decision affirming Franklin's waiver of *Miranda* as voluntary was not based on an unreasonable determination of the facts in light of the evidence nor contrary to clearly

---

[6] Federal habeas courts "assess the reasonableness of the 'last state-court adjudication on the merits of' the petitioner's claim." *Brown v. Davenport*, 596 U.S. 118, 141 (2022) (quoting *Greene v. Fisher*, 565 U.S. 34, 40 (2011)).

12

established federal law. Therefore, Franklin's *Miranda* claim fails as a ground for granting habeas relief.

## IV.   Evidentiary Hearing

Because the Court can resolve Franklin's habeas petition on the record, an evidentiary hearing is not necessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983) ("[D]ismissal of the habeas petition without a hearing is proper where . . . the dispute can be resolved on the basis of the record.") (citation omitted).

## V.   Certificate of Appealability

A § 2254 habeas petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1); Rule 11(a), Rules Governing Section 2254 Cases in the U.S. District Courts. Federal district courts cannot grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The issues raised in this petition are straightforward, and it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Franklin's habeas petition differently than it is being treated here. The Court therefore recommends that Franklin not be granted a COA in this matter.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.   Franklin's habeas petition [Dkt. No. 1] be DENIED.

2. No certificate of appealability be issued.

Dated: June 17, 2024                              s/David T. Schultz
                                                  DAVID T. SCHULTZ
                                                  United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).